United States District Court
Southern District of Texas
**ENTERED**
April 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| PETER  STROJNIK, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-1169 |
| | § | |
| | § | |
| GRANDUCA TERRITORIAL HOUSTON LP | § | |
| dba HOTEL GRANDUCA HOUSTON, | § | |
| | | |
| Defendant. | | |

## <u>ORDER</u>

Before the Court are Defendant's Motion to Dismiss (the "Motion") (Doc. #5), Plaintiff's

Response (Doc. #7), and Defendant's Reply (Doc. #10).  Having reviewed the parties' arguments

and applicable legal authority, the Court grants the Motion.

This dispute arises from alleged violations of Title III of the Americans with Disabilities

Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*  Plaintiff is a serial litigant.[1]  In his Complaint, Plaintiff

alleges that he is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with

symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and is

---

[1] "Strojnik has filed numerous ADA cases—PACER puts the federal count over 1,000, although perhaps there are some double-counted cases—sometimes as the party to the case, and sometimes as an attorney."  *Strojnik v. Landry's Inc.*, 4:19-CV-01170, 2019 WL 7461681, at *1 n.1 (S.D. Tex. Dec. 9, 2019), *report and recommendation adopted sub nom. Strojnik v. Landry's*, 4:19-CV-1170, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020); *see also Strojnik v. 1530 Main LP*, 3:19-CV-01326-E, 2020 WL 981031, at *1 n.1 (N.D. Tex. Feb. 28, 2020) ("According to the website for the Arizona State Bar: 'Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the [ADA] and the Arizonans with Disabilities Act . . . in state and federal courts.  Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations.  In all cases Strojnik alleged vague violations.'").

therefore a member of a protected class under the ADA. . . . [He] walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." Doc. #1 at 1 ¶ 3 and 2 ¶ 4.  As a result, Plaintiff "requires an ADA compliant lodging facility" when traveling.  *Id.* at 3 ¶ 15.  Relevant to this action, he "intended to visit Houston, Texas," from November 16 to 19, 2018.  *Id.* at 3 ¶ 16.  When planning lodging for that visit, Plaintiff allegedly accessed third-party booking websites and Defendant's booking website to review guest rooms at Defendant's hotel located at 1080 Uptown Park Boulevard, Houston, Texas 77056 (the "Hotel"). *Id.* at 2 ¶ 6, 3 ¶¶ 16–20, and 4 ¶¶ 21–22.  However, Plaintiff refused to book a room at the Hotel because the websites "failed to identify and describe mobility related accessibility features . . . in enough detail to reasonably permit [him] to assess independently whether Defendant's Hotel [met] his accessibility needs . . . ."  *Id.* at 3 ¶¶ 18, 20.

On March 29, 2019, Plaintiff filed this action against Defendant, asserting a Title III ADA claim and negligence per se claim for breach of Title III.  Doc. #1 at 3–7.  Specifically, Plaintiff seeks an "[i]njunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities," along with money damages. *Id.* at 4, 7.  Now, Defendant moves to dismiss Plaintiff's Complaint for lack of standing, among other reasons, pursuant to Federal Rule of Civil Procedure 12(b)(1).  Doc. #5.

"Federal courts have subject matter jurisdiction only over a 'case' or 'controversy.'  To establish a 'case or controversy,' a plaintiff must show that he has standing to sue."  *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018) (internal citation omitted).  The party invoking federal jurisdiction bears the burden of establishing the three elements of standing.  *Id.* "These elements are (1) an injury in fact that is . . . concrete and particularized and . . . actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the

likelihood that a favorable decision will redress the injury." *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009) (internal citation omitted). "At the pleading stage, allegations of injury are liberally construed. However, allegations of injury that is merely conjectural or hypothetical do not suffice to confer standing." *Id.* (internal citation omitted).

Additionally, when seeking injunctive relief, the plaintiff "must also show that there is a real and immediate threat of repeated injury." *Deutsch*, 882 F.3d at 173 (internal citation omitted). "Merely having suffered an injury in the past is not enough; the plaintiff must show a real or immediate threat that the plaintiff will be wronged again." *Id.* (internal citation omitted); *see also Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (holding that "some day" intentions to visit a public accommodation "without any description of concrete plans" is insufficient to confer standing under Title III of the ADA).

Here, Plaintiff asserts vague and conclusory allegations, none of which identify an actual injury he suffered or an imminent injury he will suffer. Though he complains of alleged ADA violations on Defendant's website and at Defendant's Hotel, the only harm that Plaintiff seems to have suffered is that he "intended" to stay at the Hotel from November 16 to 19, 2018, but did not.[2]  Doc. #1 at 3 ¶ 15.  For example, Plaintiff fails to mention any nonrefundable fees he may have incurred by not staying at the Hotel or if he made any attempt to stay at an ADA-compliant accommodation to avoid such fees. Further, Plaintiff is unable to state with any certainty whether he will actually visit Houston in the future, let alone the Hotel. Surely, if Plaintiff had seriously contemplated visiting Houston, he would not have been deterred by one allegedly noncompliant hotel and would have made other preparations to solidify his plans, such as researching other

---

[2] Additionally, because it is unclear from the Complaint what causal connection, if any, the alleged ADA violations have to Plaintiff's alleged disabilities, Plaintiff fails to explain whether those violations would even affect his ability to access Defendant's website or Hotel.

accommodations that were ADA-compliant or finalizing transportation. Accordingly, because Plaintiff is unable to meet his burden to establish standing, the Court grants the Motion pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

In his response to the Motion, Plaintiff "requests leave to amend the Complaint in order to correct, modify or add any particular fact based allegation that the Court finds insufficient." Doc. #7 at 17. Though "court[s] should freely give leave when justice so requires," nothing before the Court suggests that Plaintiff could cure the deficiencies highlighted above with an amended complaint. Fed. R. Civ. P. 15(a)(2). Plaintiff's Complaint fails to establish standing not because Plaintiff did not include enough detailed allegations, but because the harms he alleges that he suffered or will suffer are not actual or imminent injuries. Accordingly, the Court denies Plaintiff's request for leave.

For the foregoing reasons, the Motion is GRANTED, and Plaintiff's claims are hereby DISMISSED.

It is so ORDERED.


April 14, 2020
Date

The Honorable Alfred H. Bennett
United States District Judge

---

[3] Because Plaintiff is unable to establish standing pursuant to Rule 12(b)(1), the Court does not reach the merits of Defendant's Rule 12(b)(6) arguments.